**In re: Arthur MORRISON, Petitioner.**

No. 09–1786.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
April 2, 2009.

Opinion filed: May 11, 2009.

Arthur Morrison, San Pedro, CA, for Petitioner.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for Defendant–Respondent.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Arthur Morrison, a prisoner proceeding *pro se,* seeks a writ of mandamus compelling the District Court to rule on his pending motion for reconsideration. For the reasons that follow, we will deny the petition.

Morrison filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in November 2008. In December 2008, the District Court dismissed the petition for lack of jurisdiction. On December 29, 2008, Morrison filed a motion for reconsideration. He then filed a supplemental motion to reopen and a second supplemental motion to reopen in January and February 2009, respectively. Morrison also sent a letter to the District Court inquiring about the status of his motion and requesting an expedited decision because of his poor health. On March 23, 2009, Morrison filed the instant petition for mandamus. The motion for reconsideration remains pending at this time.

The writ of mandamus is an extraordinary remedy. To justify issuance of the writ, a petitioner must demonstrate that he has a clear and indisputable right to relief. *See Kerr v. United States Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Although a court of appeals may issue a writ of mandamus on the ground that undue

delay is tantamount to a failure to exercise jurisdiction, *see Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996), the manner in which the District Court controls its docket is discretionary. *See In re: Fine Paper Antitrust Litig.,* 685 F.2d 810, 817 (3d Cir.1982). Morrison's initial reconsideration motion was filed at the end of December 2008, and he has complicated the resolution of that motion by filing a supplemental memorandum each month thereafter. We cannot conclude that the overall three-month delay in this matter rises to the level of a denial of due process, *see Madden,* 102 F.3d at 79, and we are confident that the District Court will issue a decision promptly. Accordingly, the petition is denied. Petitioner's Motion to Expedite Consideration of Petition for Writ of Mandamus is denied as moot.